**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BEIONCA HARRIS, AS WRONGFUL DEATH BENEFICIARY OF THE ESTATES OF NASIR HARPER, AND LIAM HARPER,<br><br>*Plaintiffs,*<br><br>v.<br><br>PHILADELPHIA LOTUS 08, LLC<br><br>*Defendant.* | CIVIL ACTION NO. 26-6099 |
| BEIONCA HARRIS, AS WRONGFUL DEATH BENEFICIARY OF THE ESTATES OF NASIR HARPER, AND LIAM HARPER,<br><br>*Plaintiffs,*<br><br>v.<br><br>PHILADELPHIA LOTUS 08, LLC, et al.<br><br>*Defendants.* | |

**NOTICE OF REMOVAL**

Under 28 U.S.C. §1441 and §1442, the United States of America, on behalf of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), a component of the United States Department of Justice, files this notice of removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support, the United States avers:

1. Plaintiff commenced the lead case in the above captioned action in the Philadelphia Court of Common Pleas on March 16, 2021. *Harris v. Philadelphia Lotus 08, LLC,* Phila. C.C.P., No. 2103011699. On December 8, 2022, the second

action captioned above (case number 2202302688) was consolidated with the lead action. The consolidated actions are referred to herein as the Action. Neither the United States of America, nor the ATF, was a named party in the Action.

## I. The ATF has complied with the applicable regulations governing its response to Plaintiff's request for documents.

2. On December 1, 2021, counsel for the Plaintiff sent a letter addressed to the ATF attaching a subpoena for testimony requesting in-person inspection of physical evidence from the scene of a fire at 2046 Bonaffon Street, Philadelphia, PA 19142 on March 27, 2020, and "any documents or reports." A copy of this letter is attached as Exhibit A.

3. On March 30, 2023, pursuant to *Touhy v. Ragen*, 340 U.S. 462 (1951), counsel for Plaintiff sent a letter to the ATF and to Assistant United States Attorney Joel M. Sweet requesting (1) All physical evidence removed from the home located at 2046 Bonaffon Street, Philadelphia, PA 19142 (this includes remnants of furniture, household items, smoke detectors, fire alarms, fire suppression systems, etc.) (2) All laboratory evidence related to analysis of the items taken from the fire scene (this includes all microscopic scans and x-ray data); (3) All photographs of the fire scene; (4) All transcripts of interviews conducted related to the fire; and (5) All investigative reports related to the fire (this includes summaries of scene investigations, laboratory analysis, forensic reports, expert opinions, and witness statements). A copy of this letter is attached as Exhibit B.

4. On September 13, 2023, the Action was stayed pending the completion of various entities' investigations into the subject fire at 2046 Bonaffon Street. The stay was lifted on July 23, 2026. *See* C.C.P. docket entries in the Action.

5. During the stay the assigned Assistant United States Attorneys communicated with Plaintiff's counsel regarding the ongoing ATF investigation, and on February 14, 2025, undersigned counsel representing the ATF responded formally to Plaintiff's counsel that ATF has promulgated rules for how it will respond to subpoenas and requests for testimony and documents where it is not a party to an underlying litigation. *See* 28 C.F.R., Part 16, Subpart B. These regulations govern the ATF's response to Plaintiff's request for documents. *See Touhy v. Ragen*, 340 U.S. 462 (1951); *Gillette v. Warden Golden Grove Adult Corr. Facility*, 109 F.4th 145, 155 (3d Cir. 2024). A copy of this letter is attached as Exhibit C.

6. Pursuant to these regulations, ATF has declined to produce documents responsive to the December 1, 2021 subpoena and March 30, 2023 letter in their entirety, pending a determination by the ATF that release of these documents would not interfere with its still ongoing investigation of the fire. Specifically, the agency is required to consider the factors set forth at 28 C.F.R. § 16.26 in evaluating whether to authorize release of such materials. *See also* 28 C.F.R. § 16.24(b)(3). This inquiry includes whether "[d]isclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would

thereby be impaired." 28 C.F.R. § 16.26(b)(5). The ATF investigation is still open; ATF is finalizing its review and investigation of the fire and will be sending a determination letter as expeditiously as possible.

7. The ATF has complied with its obligations to respond to Plaintiff's subpoena and correspondence, pursuant to 28 C.F.R. § 16.26.

## II. Plaintiff's motion to compel ATF's compliance is removable to federal court.

8. On July 27, 2026, Plaintiff filed a Motion to Enforce Subpoena in the Action pending in the Philadelphia Court of Common Pleas, requesting an order to compel ATF to comply with Plaintiff's subpoena. A copy of the Motion is attached as Exhibit D.

9. On August 10, 2026, ATF submitted a letter to the judge presiding over the state court Action, the Honorable Denis P. Cohen, reiterating that the ATF had responded pursuant to its regulations. A copy of this letter is attached hereto as Exhibit E.

10. On August 17, 2026, Judge Cohen issued an Order in the state court Action granting Plaintiff's Motion to Enforce Subpoena and ordering the ATF to provide all documents within ten days of the Order. A copy of the Order is attached as Exhibit F.

11. The Plaintiff's motion to compel the ATF to comply with a state court subpoena, and the Order directing the ATF to produce documents in its possession, constitutes a civil action against the United States of America. *See Boron Oil Company*, 873 F.2d 67, 69-70 (4th Cir. 1989) ("It is well established that an action

seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to governmental privilege of immunity."); *Cartwright v. Walsh*, No. MC 3:18-0014, 2018 WL 461236, at *2 (M.D. Pa. Jan. 18, 2018).

12. This civil action, in which Plaintiff attempts to compel action by the ATF, is removable pursuant to 24 U.S.C. §§ 1441, 1442(a).

13. A certified copy of this Notice of Removal will be filed in the Court of Common Pleas, Philadelphia County, Law Division, and sent to all parties.

14. Pursuant to Federal Rule of Civil Procedure 81(c)(2), the government will provide its response in opposition to the Plaintiff's motion to compel on or before August 27, 2026.

WHEREFORE, the United States respectfully submits this notice of removal of this action.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Susan R. Becker for*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

*/s/ Viveca D. Parker*
VIVECA D. PARKER
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8443
Viveca.parker@usdoj.gov

Dated: August 20, 2026

**CERTIFICATE OF SERVICE**

I certify that on this date, I filed the foregoing Notice of Removal with the Court and served a copy by email on the following:

Bureau of Alcohol, Tobacco,
Firearms, and Explosives
601 Walnut Street, #I000E
Philadelphia, PA 19106

Robert W. Zimmerman, Esq.
Saltz Mongeluzzi & Bendesky
1650 Market Street
52nd Floor
Philadelphia, PA
*Counsel for Plaintiffs*

Joel Max Eads, Esq.
George J. Farrell, Esq.
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
*Counsel for Defendants, Philadelphia Lotus 08, LLC*
*and GNR Property Management, Inc.*

Brian F. Breen, Esq.
Jesse M. Endler, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
Two Commerce Square
200 I Market Street, Suite 3100
Philadelphia, PA 19103
*Counsel for Defendants, Workforce Homes 2, LP,*
*Odin Properties Workforce Home 11 LP, and Odin Properties, LLC*

Dated: August 20, 2026

*/s/ Viveca D. Parker*
VIVECA D. PARKER
Assistant United States Attorney

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Beinca Harris, as Wrongful Death Beneficiary of the Estates of Nasir Harper and Liam Harper

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert W. Zimmerman, Esq., Saltz Mongeluzzi & Bendesky, 1650 Market St., 52nd Fl., Phila, PA 19103/ (215) 575-2986

**DEFENDANTS**

United States of America o/b/o Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF)(See attached List of Defts)

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Viveca D. Parker, AUSA, US Attorney's Office (EDPA) 1650 Chestnut Street, Ste. 1250, Phila, PA 19106/(215) 861-8443

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. §1441 and §1442

Brief description of cause:
Civil action brought in order to compel action by ATF is removable

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: Aug 20, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Viveca D. Parker, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**Complete list of Defendants**

**Philadelphia Lotus 08, LLC**
**and GNR Properly Management, Inc.**

Joel Max Eads, Esq.
George J. Farrell, Esq.
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
*Counsel for Defendants*

**Workforce Homes 2, LP,**
**Odin Properties Workforce Home 11 LP, and Odin Properties, LLC**

Brian F. Breen, Esq.
Jesse M. Endler, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
Two Commerce Square
200 I Market Street, Suite 3100
Philadelphia, PA 19103
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☑ 16. All Other Federal Question Cases. *(Please specify)*: 28 USC 1441 and 1442

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.